IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BOBBY LIONELL MITCHELL,**<br><br>Petitioner,<br><br>v.<br><br>**ANITA GILL, Warden,**<br><br>Respondent. | Case No. 1:13-cv-01432 MJS (HC)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 1)** |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Both parties have consented to Magistrate Judge jurisdiction. (See ECF Nos. 4, 6.)

Petitioner filed the instant habeas petition in this Court on September 9, 2013. He is currently incarcerated at Federal Correctional Institution Mendota.

Petitioner was convicted in the Central District of California of conspiracy to interfere with commerce, interference with commerce by attempted robbery, and use of a firearm during a crime of violence. See C.D. Cal. Case No. CR-98-00975-R-03. Petitioner was sentenced on August 23, 1999 to 353 months imprisonment. Id. Presently, Petitioner asserts that the gun enhancement should be reduced to 60 months. (See generally Pet, ECF No. 1.)

1

## I. **SCREENING THE PETITION**

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

## II. **JURISDICTION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner

1 may not collaterally attack a federal conviction or sentence by way of a petition for a writ
2 of habeas corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861,
3 865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be
4 filed under § 2255 in the sentencing court, while petitions that challenge the manner,
5 location, or conditions of a sentence's execution must be brought pursuant to § 2241 in
6 the custodial court."); Tripati, 843 F.2d at 1162.

7 In contrast, a federal prisoner challenging the manner, location, or conditions of
8 that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C.
9 § 2241. Hernandez, 204 F.3d at 865. Here, Petitioner is challenging the validity and
10 constitutionality of his conviction. Therefore, the appropriate procedure would be to file a
11 motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

12 The Ninth Circuit has recognized a narrow exception allowing a federal prisoner
13 authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by
14 motion under § 2255 is "inadequate or ineffective to test the validity of his detention."
15 Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison,
16 519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of
17 § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or
18 ineffective. Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255
19 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.
20 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition
21 inadequate). The burden is on the petitioner to show that the remedy is inadequate or
22 ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

23 The Ninth Circuit has also "held that a § 2241 petition is available under the
24 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and
25 (2) has not had an 'unobstructed procedural shot' at presenting that claim. Stephens v.
26 Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

27 Petitioner fails to meet either of these requirements. In this case, he is challenging
28 the validity and constitutionality of his federal sentence imposed by a federal court,

1 rather than an error in the administration of his sentence. Therefore, the appropriate
2 procedure would be to file a motion pursuant to § 2255 in the sentencing court, not a
3 habeas petition pursuant to § 2241 in this Court.

4     Petitioner did not lack an unobstructed opportunity to present his claims in his §
5 2255 motion. Here, Petitioner filed a petition under § 2255 in the Central District of
6 California which was denied on April 4, 2007. C.D. Cal. Case No. 06-cv-8292. Petitioner
7 also stated he filed a motion under § 2255 in the Ninth Circuit Court of Appeals, which
8 was denied on March 6, 2008. (Case No. 07-55967.)

9     Petitioner proceeded to file an application for authorization to file a second or
10 successive motion under 28 U.S.C. § 2255 with the Ninth Circuit. The application was
11 denied on September 15, 2009. (Case No. 09-71838.) On June 14, 2012, the Ninth
12 Circuit denied another application by Petitioner for authorization to file a second or
13 successive 28 U.S.C. § 2255 motion. (Case No. 12-70957.) Finally, Petitioner's appeal
14 from the denial of a motion for relief from judgment is currently pending before the Ninth
15 Circuit. (Case No. 13-56351.) There, the Government contends that the matter should be
16 remanded to the district court to determine if the case was properly filed as a motion for
17 reconsideration or filed as an unauthorized successive § 2255 application. (Id.)

18     While Petitioner's subsequent § 2255 motions may be procedurally barred as
19 successive and untimely, such an obstacle is not sufficient to show that he lacked an
20 unobstructed opportunity to present his claims. Ivy v. Pontesso, 328 F.3d 1057, 1060
21 (9th Cir. 2003) Petitioner has not attempted to explain why he has not previously
22 presented the claims he now raises, and has not provided sufficient reason as to why he
23 could not have presented the claims earlier. Furthermore, Petitioner does not assert that
24 he is actually innocent of the conviction. He only contends that sentence under the gun
25 enhancement should be reduced.

26     Based on the foregoing, the Court finds that Petitioner has not demonstrated §
27 2255 constitutes an "inadequate or ineffective" remedy for raising his claims.
28 Accordingly, § 2241 is not the proper avenue for raising Petitioner's claims, and the

petition should be dismissed for lack of jurisdiction.

## III.     CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, reasonable jurists would not find to be debatable or wrong

the Court's determination that Petitioner is not entitled to federal habeas corpus relief nor would they find petitioner deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby declines to issue a certificate of appealability.

**IV.     ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus be DISMISSED;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   November 26, 2013              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE